UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALBERT JESSE TOWNSEND, SR.,** | ) | **CASE NO. 1:25 CV 489** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN JERRY SPATNY, et al.,** | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff filed this civil rights action against Grafton Correctional Institution Warden Jerry Spatny, the State of Ohio, former Cuyahoga County Common Pleas Court Judge Daniel Gaul, Cuyahoga County Prosecutor Michael C. O'Malley, and Cuyahoga County Administrative Judge John Russo to challenge his 2018 convictions. He does not include legal claims, but asks this Court to vacate his life sentence.

**I. BACKGROUND**

Plaintiff was convicted of sexually assaulting three victims, two of which were minors when the assaults occurred. *See State of Ohio v. Townsend*, No. 107186, 2019 WL 1417862 (Ohio 8 Dist. App. Ct. Mar. 28, 2019). On January 20, 2003, Plaintiff and a co-defendant kidnaped M.W., an adult female, on West 52nd Street in Cleveland, Ohio, drove her to the home in which Plaintiff lived with his wife, and raped her. *Id.* at *1. She reported the rape to the police, and went to Metro Health Hospital for a rape kit examination. *Id.* at *1. Later, the case

was investigated by the Cuyahoga County Prosecutor's Office Sexual Assault Kit Taskforce. DNA taken from Plaintiff was matched with the DNA profile recovered from the rape kit. *Id.* at *2.

In 2005, Plaintiff broke into the home C.W. shared with her mother. *Id.* at *2. C.W. testified that Plaintiff had a gun and forced her to have sexual intercourse with him. *Id.* at *2. She was 13 years old at the time of the assault. *Id.* at *2. C.W. and her mother were familiar with Plaintiff, who they knew as Desmond Thomas .*Id.* at *2. C.W. became pregnant from the assault. *Id.* at *2. She reported the rape to the police and terminated the pregnancy. *Id.* at *2. Police were able to obtain a DNA sample from the fetus that demonstrated that Plaintiff was the father of the fetus. *Id.* at *2.

On November 27, 2006, Plaintiff forced his wife's 17 year old niece, B.G., to have sexual intercourse with him. *Id.* at *2. B.G. lived with Plaintiff, his wife, and their son. *Id.* at *7. B.G. claimed that Plaintiff came into her room at night and committed the sexual assault. *Id.* at *7. B.G. and her aunt went to Marymount Hospital where a rape kit examination was performed. *Id.* at *7. Plaintiff was arrested on November 27, 2006, and charged with two counts of rape, one count of gross sexual imposition, and kidnaping. *See State of Ohio v. Townsend*, No. CR-07-491536-A (Cuyahoga Cty Ct. Comm. Pl. May 1, 2008). The case was dismissed for want of prosecution on Apr. 29, 2008).

In 2009, Plaintiff was convicted in Cuyahoga County on unrelated charges of aggravated robbery, robbery, and having a weapon under disability. *See State of Ohio v. Townsend*, No. CR-09-531966 (Cuyahoga Cty Ct. Comm. Pl. Dec. 24, 2009). Both robbery charges carried 3

year gun specifications. The court sentenced him to an aggregate total of twelve years incarceration.

By 2017, DNA testing and technology had made significant improvements. While Plaintiff as still incarcerated for his robbery convictions, he was indicted on two counts of rape, one count of complicity to commit rape, and kidnaping in connection with the assault on M.W.; one count of burglary, two counts of kidnaping, one count of rape, and one count of attempted rape in connection with the assault on C.W.; and two counts of rape, one count of gross sexual imposition, and one count of kidnaping in connection with the assault on B.G. Plaintiff waived his right to counsel and proceeded to a jury trial representing himself. In sum, the jury found Plaintiff guilty of five counts of rape, two counts of kidnaping with sexual motivation specifications, one count of complicity to commit rape, one count of attempted rape, and one count of gross sexual imposition. These convictions were accompanied by findings that Plaintiff is a sexually violent predator. On May 9, 2018, the court sentenced him to an aggregate total of 56 years to life in prison. His conviction and sentence were affirmed on appeal. *State of Ohio v. Townsend*, No. 107186, 2019 WL 1417862 (Ohio 8 Dist. App. Ct. Mar. 28, 2019).

Plaintiff challenges his 2018 convictions. First, he states that the charges against him were originally dismissed for want of prosecution in 2008. He contends that his re-indictment on those charges was obtained through prosecutorial misconduct. He contends the court lacked jurisdiction to allow the state to proceed with the indictment. He also claims that allowing the three incidents to be tried in the same case was prejudicial. Finally, he notes procedural difficulties he had with pursuing his appeals in the Ohio Appellate Courts. He does not assert

any legal claims but asks this Court to vacate his life sentence and sentence him to ten years, which he claims he was offered by the prosecution in a plea deal.

## II. STANDARD OF REVIEW

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

Although Plaintiff did not assert any legal claims, it is clear that he is challenging the validity of his 2018 conviction and sentence. For this purpose, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). He cannot collaterally attack his conviction or sentence in a civil rights action. *Id.* Plaintiff filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 at the same time he filed this civil rights action. *See Townsend v. Spatney*, No. 1:25-cv-00488-BYP (N.D. Ohio filed Mar. 10, 2025). That Petition is still pending. Plaintiff cannot maintain a parallel civil rights action in the hope that he will obtain the relief he seeks in at least one of the actions. .

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____ 4/30/2025
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.